UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NGK DEERWOOD CAPITAL INVESTMENTS, LLC, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>PUSH IT 2 THE LIMIT LLC, )<br>)<br>Defendant. ) | Case No. 4:25 CV 82 CDP |

### **MEMORANDUM AND ORDER**

This newly-reassigned matter is before the Court on its review of the file. "In every federal case the court must be satisfied that it has jurisdiction before it turns to the merits of other legal arguments." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). The Eighth Circuit Court of Appeals has admonished district courts to "be attentive to a satisfaction of jurisdictional requirements in all cases." *Sanders v. Clemco Indus*., 823 F.2d 214, 216 (8th Cir. 1987). Statutes conferring diversity jurisdiction are to be strictly construed. *Sheehan v. Gustafson*, 967 F.2d 1214, 1215 (8th Cir. 1992). Even in the absence of a challenge from any party, the court must dismiss the action if it independently determines at any time that it lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3); *Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affairs*, 439 F.3d 832, 836 (8th Cir. 2006).

Plaintiff filed this suit alleging federal subject matter jurisdiction over this breach of contract claim on the basis of diversity of citizenship. 28 U.S.C. § 1332. Plaintiff pleads the requisite amount in controversy has been met as it seeks more than $75,000 in damages. However, a federal court can exercise diversity jurisdiction under 28 U.S.C. § 1332 only if the amount in controversy exceeds $75,000 and no defendant holds citizenship in the same state as the plaintiff. *Cascades Development of Minnesota, LLC v. National Specialty Ins.*, 675 F.3d 1095, 1098 (8th Cir. 2012*)*. "The pleadings, to establish diversity, must set forth with specificity the citizenship of the parties." *Barclay Square Properties v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis*, 893 F.2d 968, 969 (8th Cir. 1990) (citation modified).

Here plaintiff does not properly allege the citizenship of any of the parties. Plaintiff and defendant are both limited liability companies. For limited liability companies, the Court must examine the citizenship of each member of the limited liability company for purposes of diversity jurisdiction. *OnePoint Solutions, LLC v. Borchert*, 486 F.3d 342, 346 (8th Cir. 2007); *GMAC Commercial Credit, LLC v. Dillard Dep't Stores, Inc.*, 357 F.3d 827, 829 (8th Cir. 2004). Plaintiff's complaint does not even identify the members of the limited liability companies, much less properly allege their citizenship. A pleading that does not allege the citizenship of each member of a limited liability company is insufficient to establish diversity

jurisdiction.  *See Barclay Square Properties*, 893 F.2d at 969.  Although plaintiff filed an amended disclosure regarding its ownership for purposes of determining whether diversity jurisdiction exists, ECF 5, that disclosure is insufficient because two of plaintiff's members are also LLCs but plaintiff fails to provide the required information about the members of those LLCs.  Moreover, the complaint contains no allegations regarding the members of the defendant LLC.  It remains plaintiff's burden to establish subject-matter jurisdiction despite defendant's failure to answer the complaint and the Clerk's resulting entry of default.

As further indicated by the magistrate judge before this case was transferred, plaintiff's motion for default judgment is insufficient because it improperly seeks relief against a non-party, in addition to requesting monetary damages against defendant for those same funds.

For these reasons, I am unable to determine if this Court has subject-matter jurisdiction and cannot enter default judgment.  I will give plaintiff seven (7) days to amend its complaint to properly allege this Court's subject-matter jurisdiction.  Failure to timely comply with this Order may result in this action being dismissed without prejudice for lack of subject-matter jurisdiction.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff shall file an amended complaint with seven (7) days of the date of this Order to properly allege this Court's subject-

matter jurisdiction. Failure to timely comply with this Order may result in this action being dismissed without prejudice for lack of subject-matter jurisdiction.

                                                    _____
                                                    CATHERINE D. PERRY
                                                    UNITED STATES DISTRICT JUDGE

Dated this 18th day of August, 2025.